IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 16–cv–00501–KMT

CINCINNATI INSURANCE COMPANY,

     Plaintiff,

v.

THE CHARTER OAK FIRE INSURANCE COMPANY,
MCWHINNEY HOLDING COMPANY, LLLP, a Colorado limited liability limited partnership;
MCWHINNEY CENTERRA LIFESTYLE CENTER, LLC, a Colorado limited liability company;
CENTERRA PROPERTIES WEST, LLC, a Colorado limited liability company, and
SMP4 INVESTMENTS, INC., a Colorado corporation,

     Defendants.

**ORDER SETTING SCHEDULING/PLANNING CONFERENCE AND SETTING DEADLINE FOR FILING OF CONSENT/NON-CONSENT FORM FOR DIRECT ASSIGNMENT TO MAGISTRATE JUGES**

This case has been directly assigned to Magistrate Judge Kathleen M. Tafoya pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 40.1(c) allowing the direct assignment of cases to magistrate judges.

     **IT IS HEREBY ORDERED:**

(1)    The parties shall complete and file the Consent/Non-Consent Form Pursuant to D.C.COLO.LCivR 40.1(c) – Direct Assignment of Magistrate Judges indicating either unanimous consent of the parties or that consent has been declined on or before:

     **May 2, 2016.**

Please note that this date may be earlier or later than the default deadlines contemplated in D.C.COLO.LCivR 40.1(c)(4).

     (2) The court shall hold a Fed. R. Civ. P. 16(b) scheduling and planning conference on

> **May 9, 2016, at
> 9:45 a.m. (Mountain Time)**.

The conference shall be held in Courtroom C-201, Second Floor, of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado.  If this date is not convenient for any party[1], he or she shall file a motion to reschedule the conference to a more convenient time.  **Please remember that anyone seeking entry into the Byron Rogers United States Courthouse will be required to show valid photo identification.  See D.C.COLO.LCivR 83.2B.**

A copy of instructions for the preparation of a scheduling order and a form scheduling order can be downloaded from the Court's website at www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx (Scroll down to the bold heading "Standardized Order Forms").  For patent cases, a copy of a form scheduling order in a patent case can be downloaded from the Court's website at http://www.cod.uscourts.gov/JudicialOfficers/ArticleIMagistrateJudges/HonKathleenMTafoya.aspx.  Parties shall prepare the appropriate proposed scheduling order in accordance with the Court's form.

The parties shall submit their proposed scheduling order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures, on or before:

> **5:00 p.m. (Mountain Time) on
> May 2, 2016.**

Attorneys and/or *pro se* parties not participating in ECF shall submit their proposed scheduling order on paper to the Clerk's Office.  However, if any party in the case is participating in ECF, it is the responsibility of that party to submit the proposed scheduling order pursuant to the District of Colorado ECF Procedures.

The plaintiff shall notify all parties who have not yet entered an appearance of the date and time of the scheduling/planning conference, and shall provide a copy of this Order to those parties.

(3)  In preparation for the scheduling/planning conference, the parties are directed to confer in accordance with Fed. R. Civ. P. 26(f).  The court strongly encourages the parties to meet face to face, but should that prove impossible, the parties may meet by telephone conference. All parties are jointly responsible for arranging and attending the Rule 26(f) meeting.

---

[1] The term "party" as used in this Order means counsel for any party represented by a lawyer, and any *pro se* party not represented by a lawyer.

During the Rule 26(f) meeting, the parties shall discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), and develop their proposed scheduling/discovery plan.  The parties should also discuss the possibility of informal discovery, such as conducting joint interviews with potential witnesses, joint meetings with clients, depositions via telephone, or exchanging documents outside of formal discovery.

In those cases in which:  (i) the parties' substantive allegations involve extensive computer-generated records; (ii) a substantial amount of disclosure or discovery will involve information or records in electronic form (*i.e.,* e-mail, word processing, databases); (iii) expert witnesses will develop testimony based in large part on computer data and/or modeling; or (iv) any party plans to present a substantial amount of evidence in digital form at trial, the parties shall confer regarding steps they can take to preserve computer records and data, facilitate computer-based discovery and who will pay costs, resolve privilege issues, limit discovery costs and delay, and avoid discovery disputes relating to electronic discovery.  The parties shall be prepared to discuss these issues, as appropriate, in the proposed Scheduling Order and at the scheduling and planning conference.

These are the minimum requirements for the Rule 26(f) meeting.  The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith.  The parties are reminded that the purpose of the Rule 26(f) meeting is to expedite the disposition of the action, discourage wasteful pretrial activities, and improve the quality of any eventual trial through more thorough preparation.  The discussion of claims and defenses shall be a substantive, meaningful discussion.

The parties are reminded that pursuant to Fed. R. Civ. P. 26(d), no discovery shall be sought prior to the Rule 26(f) meeting.

(4)  The parties shall comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1).  Counsel and parties are reminded that mandatory disclosure requirements encompass computer-based evidence which may be used to support claims or defenses.  Mandatory disclosures must be supplemented by the parties consistent with the requirements of Fed. R. Civ. P. 26(e).  Mandatory disclosures and supplementation are not to be filed with the Clerk of the Court.

(5)  All parties are expected to be familiar with the United States District Court for the District of Colorado Local Rules of Practice (D.C.COLO.LCivR.).  Copies are available from Office of the Clerk, United States District Court for the District of Colorado, or through the District Court's web site: www.cod.uscourts.gov.

All out-of-state counsel shall comply with D.C.COLO.LCivR. 83.3 prior to the Scheduling/Planning Conference.

Dated this 14th day of March, 2016.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge